UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCA GARIBAY, o/b/o G.A., a minor child,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>      Defendant. | NO: 12-CV-3040-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment, ECF Nos. 22 and 26.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for March 31, 2014, is vacated and this matter is submitted without oral argument.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff, on behalf of G.A., a minor child, seeks judicial review of the Commissioner's final decision denying G.A. Supplemental Security Income Child Benefits under Title XVI.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is

susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP PROCESS FOR CHILDHOOD DISABILITY**

To qualify for Title XVI (SSI) benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential analysis to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the Commissioner considers whether the child is engaged in "substantial gainful activity." *Id.* at § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, if

the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or, "functionally equals" a disability listed in the "Listing of Impairments." *Id*. at § 416.924(c)-(d); *Id*. at § 404, Subpt. P, App. 1.

If a child's impairment or combination of impairments did not meet a listed impairment, there is an inquiry into a child's functioning in "six domains." These six domains consider what the child can and cannot do in terms of:

> (1) Acquiring and using information;
> (2) Attending and completing tasks;
> (3) Interacting and relating with others;
> (4) Moving about and manipulating objects;
> (5) Caring for [oneself]; and
> (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment would be found functionally equal to a listed impairment if the child's condition resulted in a "marked" limitation in two of the domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes *very* seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i) (emphasis added).

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

## ALJ'S FINDINGS

G.A.'s application for Title XVI Supplemental Security Income payments was filed on April 27, 2009, with an alleged disability onset date of April 1, 2007. Tr. 162-64. G.A. was eight years old on her alleged disability onset date. Id. G.A.'s applications were denied initially and upon reconsideration. Tr. 90-92, 94-96. She requested a hearing by an administrative law judge, Tr. 97, and on June 21, 2011, she appeared, accompanied by counsel and testified at a video hearing along with her mother. Tr. 55-87. The ALJ issued a decision on July 8, 2011, finding that G.A. was not disabled under the Act. Tr. 20-46.

At step one, the ALJ found that G.A. had not engaged in substantial gainful activity since April 27, 2009, the application date. Tr. 29. At step two, the ALJ found that G.A. had severe impairments, but at step three the ALJ found that G.A. did not have an impairment or combination of impairments that met or equaled a listed impairment. Tr. 29. Further, the ALJ found that G.A. did not have an impairment or combination of impairments that functionally equaled a listed impairment. Tr. 29-42.

G.A. requested review by the Appeals Council. Tr. 158-61. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision subject to judicial review. Tr. 1-8; 42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

G.A. raises two contentions for review: 1) whether the ALJ improperly rejected the opinions of her treating physician as well as her mother's testimony; and 2) whether the ALJ committed error in finding that the claimant's impairments did not functionally equal any Listing. ECF No. 23 at 7.

The Commissioner contends the final decision in this matter was supported with substantial evidence and it is free of any harmful legal error.

**DISCUSSION**

**A. Discounting the Treating Physicians' Opinion and Mother's Testimony**

G.A. contends that the ALJ's reasons for rejecting Dr. Liebe's opinion are erroneous assertions that do not constitute valid reasons for rejecting the opinion of a treating physician. ECF No. 23 at 12. G.A. contends the ALJ improperly rejected Dr. Leibe's opinion because it was without basis and was based on the mother's subjective complaints, and that her reports were exaggerated compared to the evidence in the record and could be influenced by sympathy. *Id*. at 9. She also contends that her mother's testimony was improperly rejected with a vague assertion that the mother was under tremendous stress which may have affected her ability to perceive her child's behavior. *Id*. at 13.

If the opinion of a treating or examining physician is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). On the other hand, in the case of a contradicted opinion, as we have here, "an ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 2005) (*quoting Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and test results); *accord Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citation omitted). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831 (other contradictory evidence includes laboratory reports, medical reports, and claimant's testimony). To the extent that an examining physician's opinions are based upon the claimant's subjective complaints, the ALJ may cite the unreliable nature of the claimant's complaints as a reason for rejecting the examining physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

602 (9th Cir. 1999) ("A physician's opinion of disability [which is] premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotations and citation omitted).

Here, the ALJ did not rely solely on the non-examining medical advisors' opinions in discounting the treating doctor's conclusions, but rather relied on an abundance of other evidence, including medical records from treating doctors, Yakima School District Special Education Services' evaluations, neurodevelopmental testing, an Occupational Therapy evaluation, a Speech-Language Assessment (in both the Spanish and English language), teacher questionnaires, school records, standardized school testing, the school psychologist's records, the claimant's own testimony, and the mother's testimony. Tr. 31-37. After exhaustively evaluating all this evidence, the ALJ found:

> As for the opinion evidence, the undersigned gives greater weight to the opinion of the medical expert who has had an opportunity to review all the evidence of record, including that received at the hearing level. The undersigned gives weight to the opinions of the claimant's treating and examining physicians; however, the undersigned does not accept Dr. Liebe's conclusion that the claimant has marked limitations in the domains of Acquiring and Using Information and in Attending and Completing Tasks. These conclusions are found to be without basis and appear to be based mostly on the claimant's mother's subjective complaints and symptoms, which the undersigned does not find corroborating with the objective evidence of record. The undersigned notes the mother clearly has other issues, which places a tremendous stress on her and may affect her perception of the child's behavior. The undersigned

> does not doubt that the mother is trying to help her daughter; however, based on the school reports, evaluations and questionnaires, the child's behavior with her medical providers and observations at the hearing, her reports are quite exaggerated. In addition, the possibility always exists that she may be expressing an opinion, as the treating physician, in an effort to assist the child, with whom she sympathizes for one reason or another. Furthermore, the level of impairment she opines is not supported by her own clinical picture. She fails to indicate any observed behavior of the child that would show specific ADHD symptoms. She also does not show any therapeutic benefit of any of the ADHD drugs given to the child other than the mother's subjective report. She even noted that the child seemed to be doing better academically and has not had any academic regression beyond what can be explained by the bilingual issue.

Tr. 37.

The Court determines that substantial evidence in the record supports the ALJ's decision discounting Dr. Liebe's conclusion. Further, the Court determines that substantial evidence supports the ALJ's decision discounting the mother's "exaggerated" perceptions as inconsistent with the objective evidence in the record. Despite claimant's contention to the contrary, lay opinion evidence can be rejected without clear and convincing reason. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)( competent lay witness testimony "cannot be disregarded without comment" the ALJ "must give reasons that are germane to each witness")(citations omitted).

While the Court recognizes that a district court cannot affirm the decision of an agency on a ground it did not invoke in making its decision, *Pinto v. Massanari*, 249 F.3d 840, 848 (9th Cir. 2001), here the ALJ invoked the prerogative to recite

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

all the competing evidence in the record and make findings accordingly. *See Magallanes v. Bowen*, 881 F.2d at 751. Accordingly, the Court rejects the argument that counsel for the Commissioner strayed too far from the ALJ's reasoning when citing to the underlying evidence of record incorporated by the ALJ.

B. **Functional Equivalent to Listing**

G.A. contends the ALJ erred in ultimately concluding that she did not have at least marked limitations in two domains: (1) acquiring and using information and (2) attending and completing tasks.[1] ECF No. 23 at 15-20. Much of claimant's argument is derivative of the argument rejected above that Dr. Liebe's opinion should not have been discounted.

With respect to acquiring and using information, the ALJ recited the test for this domain and gave examples of the functioning that would constitute marked or extreme limitations. Tr. 37-38. Substantial evidence in the record supports the ALJ's conclusion that claimant has less than marked limitations based on the findings that:

> The child's fifth grade teacher reported that she only has a slight problem in this domain. The state agency psychologist found the

---

[1] Unchallenged are the ALJ's findings that claimant has "no limitation" in the other four domains.

> child has a less than marked limitation in this domain. Dr. Moore testified that the child has a less than marked impairment in this domain.

Tr. 38 (citations omitted).

With respect to attending and completing tasks, the ALJ once again set forth the test for this domain and gave examples of the functioning that would constitute marked or extreme limitations. Tr. 38-39. The Court determines that substantial evidence in the record supports the ALJ's conclusion that claimant has less than marked limitation based on the findings that:

> The child's fifth grade teacher reported she has no problems in this domain. School records in December 2010 show the child has made progress in reading, math, writing skills since her last evaluation for special education services and she has closed the achievement gap between her and same aged peers in all academic areas without receiving specially designed instruction. The state agency psychologist found the child has a less than marked limitation in this domain. Dr. Moore testified that the child has a less than marked impairment in this domain.

Tr. 39 (citations omitted).

Claimant recites a plethora of facts to support her position. However, a district court may not substitute its judgment for that of the Commissioner. If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

///

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 22, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

3. The hearing set for March 31, 2014, is **VACATED.**

The District Court Executive is hereby directed to file this Order, enter Judgment accordingly, furnish copies to counsel, and **CLOSE** this file.

**DATED** this 2nd day of August, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12